

```
                                    FILED

                                  DEC - 5 2005

                          UNITED STATES BANKRUPTCY COURT
                          EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re                                    ) | Case No. 05-32689-C-7 |
|                                          ) | |
| RICHARD W. CLARK III and                 ) | MC. No. NLF-1 |
| RACHEL T. CLARK,                         ) | |
|                                          ) | |
|         Debtors.                         ) | |
|                                          ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION FOR RELIEF FROM AUTOMATIC STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e). Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



Findings of Fact

Debtors filed their voluntary chapter 7 petition on September 26, 2005. They scheduled a 2002 Subaru Legacy ("the vehicle") as property of the estate. The vehicle was scheduled as exempt in the approximate amount of $0. The chapter 7 trustee filed a report finding that there was no property available for distribution from the estate over and above that exempted by debtors.

On November 17, 2005, Sierra Central Credit Union ("movant") filed a motion, notice, and declaration requesting that this court terminate the automatic stay to permit movant to repossess the vehicle. The median value of the vehicle is approximately $9,500. Movant holds a lien on the vehicle in the approximate amount of $12,385.81.

Local Bankruptcy Rules 9014-1(f)(1) and (2) provide the necessary amount of notice requirements. Local Bankruptcy Rule 9014-1(f)(1) governs motions set on 28 days' notice. Local Bankruptcy Rule 9014-1(f)(2) governs motions set on 14 days' notice. The deadline for filing under Local Bankruptcy Rule 9014-1(f)(1) was October 31, 2005. The deadline for filing under Local Bankruptcy Rule 9014-1(f)(2) was November 14, 2005. Movant filed its motion, notice, and proof of service on November 17, 2005. Thus, the motion and accompanying documents fail to comply with the local bankruptcy rules regarding amount of notice.

Conclusions of Law

The automatic stay of acts against debtors <u>in personam</u> and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

The automatic stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Accordingly, an appropriate order will issue.

Dated: December 5, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Richard W. Clark III and
Rachel T. Clark
P.O. Box 6424
Tahoe City, CA 96145-6424

Leticia Tanner
1001 6th Street #402
Sacramento, CA 95814

Frederick Lucksinger
Chapter 7 Trustee
P.O. Box 2460
Rocklin, CA 95677

Eric M. North
John Mendonza
The North Law Firm
1625 The Alameda, Suite 705
San Jose, CA 95126

Sierra Central Credit Union
860 Plaza Way
Yuba City, CA 95991

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 12/12/05

_____
Deputy Clerk